# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 816 | **DATE** | 10/1/2003 |
| **CASE TITLE** | Ohio Casualty Group vs. Dietrich, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for summary judgment is granted. Accordingly, judgment is entered in favor of defendants and against plaintiff. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 12/5/03 and trial set for 1/6/04 are vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices: 2 |
| ✓ | Notices mailed by judge's staff. | OCT 02 2003 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | 10/1/2003 date mailed notice |
| | Copy to judge/magistrate judge. | |
| MPJ courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OHIO CASUALTY GROUP, as subrogee of )
STEPCO CORPORATION, )
)
)
Plaintiff, )
) No. 02 C 816
v. )
)
)
JAMES DIETRICH and GLOBE CUSTOM )
WOODWORK, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

DOCKETED

OCT 2 2003

I.

In 1987, defendant James Dietrich, a citizen of Illinois, purchased a building and land located at 115 Elizabeth Drive in Arlington Heights, Cook County, Illinois. At the time of the events in question, approximately half of the building was leased to defendant Globe Custom Woodwork, Inc. ("Globe"), an Illinois corporation, and used as a woodworking shop, while the other half was leased to Stepco Corporation ("Stepco"), an Illinois corporation, and used as a storage facility. The main portions of the L-shaped building were constructed from cinder block, brick, and steel, but the Globe portion featured a metal-clad, wood-framed shed addition located in the interior corner of the L. The main portions of the building were built in 1967 and the addition in 1970. On June 11, 2000, two arsonists entered the Globe portion of the structure, doused it with a flammable liquid, and set it on

fire. Despite the efforts of ten fire departments, the fire burned for twelve hours, virtually destroying the entire building and its contents.

Stepco's property was insured by plaintiff Ohio Casualty Group ("Ohio"), an Ohio corporation. Following the fire, Ohio paid approximately $350,000 in compensation to Stepco for its losses. On February 1, 2002, Ohio filed this suit alleging that the defendants' negligence led to the damage to its insured and seeking damages to recover its losses. The defendants now move for summary judgment. I grant the motion.

II.

This court has jurisdiction over the case pursuant to the federal diversity statute, 28 U.S.C. § 1332. On a motion for summary judgment, I evaluate all admissible evidence in the light most favorable to the non-moving party and grant the motion only if the case presents no genuine issue of material fact. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The parties agree that Illinois substantive law is applicable to the case.

Ohio's allegation, in a nutshell, is that the damages sustained by Stepco were proximately caused by the defendants' negligent failure to provide proper fire control measures. The only specific problem complained of is that the overhead doorway to the

wood-framed shed addition compromised the cinder-block-and-brick "fire wall" which separated the two halves of the main structure by providing an alternate path by which fire could spread from one half of the building to the other.

In order to prove a cause of action for negligence in Illinois, a plaintiff must prove facts that establish (1) the existence of a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) and injury proximately resulting from that breach. *Petrauskas v. Wexenthaller Realty Management Inc.*, 542 N.E.2d 902, 905 (Ill. App. Ct. 1989). Whether a duty was owed is a question of law for the court to determine. *Id.* Reasonable foreseeability is the primary factor in evaluating whether a duty exists, but the court must also consider the likelihood of injury, the magnitude of the burden to guard against the injury, and the consequence of placing that burden on the defendant. *Id.*

Both Globe and Dietrich did have a duty to Stepco to maintain the portions of the building under their respective control in a reasonably safe condition. *Kelly v. City Nat'l Bank & Trust Co.*, 109 N.E.2d 206, 208 (Ill. App. Ct. 1952) ("[I]t is well established that in the absence of an agreement the tenant has the duty to keep the demised premises in proper and fit repair"); *Sollars v. Blayney*, 176 N.E.2d 477, 479-80 (Ill. App. Ct. 1961) ("Where the landlord retains control over premises used in common by tenants, he owes them a duty to keep premises in reasonable condition").

3

However, neither Globe nor Mr. Dietrich owed a duty to protect Stepco from the criminal acts of third parties. *Kosin v. Shero,* 360 N.E.2d 572, 574 (Ill. App. Ct. 1977) (holding that a landlord had no duty to protect his tenants from arsonists); *Trice v. Chicago Housing Auth.,* 302 N.E.2d 207, 208-9 (Ill. App. Ct. 1973) (upholding dismissal of case against defendant landlord where plaintiff was injured by a non-party who threw a rock off a balcony onto plaintiff and plaintiff "alleged no facts of a contractual or statutory duty imposed on defendant to specially design its buildings to prevent injuries caused by criminally reckless acts of third persons"). It is not reasonably foreseeable nor likely that a tenant will be burned out of a suburban commercial property by arsonists, nor is it fair to place a burden on landlords to make buildings so fire-resistant that they will not burn even when flammable liquids are deliberately set alight in a woodworking shop. Where, as here, third party arsonists set the fire which injured the plaintiff, the defendants' only duty was that of reasonable care.

Ohio cannot show that either Globe or Mr. Dietrich breached this duty of reasonable care. A building owner "has a duty to correct dangerous conditions of which he knows or reasonably should know." *Liberty Mut. Fire Ins. Co. v. Hayes Mech., Inc.,* No. 00-C3843, 2001 U.S. Dist. LEXIS 1077, at *3 (N.D. Ill. Feb. 6, 2001) (Moran, J.). The possibility that the doorway to the shed addition

4

compromised the integrity of the fire wall was never brought to the attention of the defendants, and it is unreasonable to expect that individuals with no training in fire science should (or could) have realized it themselves. The building was thoroughly inspected by the local fire department on an annual basis during the period of Mr. Dietrich's ownership, and no official ever issued a citation for a safety violation or made any mention of the breach in the fire wall. It was entirely reasonable for the defendants to rely on the assurances of these government authorities that their efforts to maintain the building safely were successful.

The only evidence Ohio offers in support of the defendants' negligence is the testimony of its expert, Richard Bidwell. Mr. Bidwell testified in his deposition that he believed that this building needed a fire wall. However, he further testified that he was not sure whether any applicable building code required such a wall in this particular building, that he is not an expert on building codes, and that he would defer to others at his company on the question of whether the fire wall was actually required by law. Even if an applicable code did require such a wall, an "ordinance violation does not constitute negligence *per se*, and therefore a defendant may prevail ... by showing that he or she acted reasonably under the circumstances." *Carey v. Lazzara, Inc.*, 661 N.E.2d 413, 416 (Ill. App. Ct. 1996). As discussed above, the actions of both defendants were reasonable.

Finally, even if the defendants breached their duty of reasonable care, Ohio cannot show causation. In order to establish proximate causation of an injury, a plaintiff must be able to show that injury was:

> the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen it as likely to occur as a result of the negligence. ... The intervention of independent concurrent or intervening forces will not break causal connection if the intervention of such forces was itself probable or foreseeable."

*Kalata v. Anheuser-Busch Cos., Inc.*, 581 N.E.2d 656, 661-62 (Ill. 1991). While it is natural and probable that a fire might travel through a break in a fire wall, the actions of the arsonists in the present case represent an improbable and unforeseeable intervening force that an ordinarily prudent person would not have seen as likely to occur.

Furthermore, while the plaintiff's and defendants' experts offer conflicting testimony as to whether an unbreached fire wall might have mitigated Stepco's injuries, there is uncontroverted testimony from firefighters on the scene that the fire burned for twelve hours and that flames reached fifty feet into the air. Three firefighters who responded to the alarm, as well as the defendants' expert, who first visited the site only hours after the fire, testified that a fire wall would not have protected Stepco. Ohio's own expert, who only visited the scene three months after the fire and after a portion of the building had been demolished, testified

that the fire wall which was allegedly compromised by the shed addition was only rated to withstand fire for three to four hours. Contrary to Ohio's argument, this is not simply a battle of experts which must be decided by a jury. No reasonable jury could find that in such a conflagration, a fire wall with a three-to-four-hour rating would have prevented the fire from destroying Stepco's property over the course of twelve hours. As Ohio cannot prove any of the elements of negligence, the motion for summary judgment is GRANTED.

**ENTER ORDER**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 1 , 2003